IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick L. Cabbagestalk, # 175388, ) | |
| ) | C/A No.: 9:06-3005-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Jon E. Ozmint, Director of SCDC; Eddie ) | |
| O'Cain, Director of Security Threat Group; ) | |
| NFN Bordison, Associate Warden of ) | |
| Lieber Correctional Institution; Collie ) | |
| Rushton, Warden of McCormick ) | |
| Correctional Institution; NFN Gilmore, ) | |
| Classification Supervisor at Lieber ) | |
| Correctional Institution; NFN Boyd, ) | |
| Classification Case Manager of SMU at ) | **O R D E R** |
| Lieber Correctional Institution; NFN ) | |
| Parker, Classification Case Manager at ) | |
| McCormick Correctional Institution; ) | |
| NFN Nettles, Major of Security at Lieber ) | |
| Correctional Institution; NFN Bumcomb, ) | |
| Lieutenant at Lieber Correctional ) | |
| Institution; NFN Sheppard, Lieutenant at ) | |
| Lieber Correctional Institution; NFN ) | |
| Pearson, Sergeant and Security Threat ) | |
| Group (STG) Coordinator, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

  Plaintiff Frederick L. Cabbagestalk is an inmate in custody of the South Carolina Department of Corrections who currently is confined at the McCormick Correctional Institution (MCI) in McCormick, South Carolina. Prior to confinement at MCI, Plaintiff was housed at Lieber Correctional Institution (LCI) in Ridgeville, South Carolina. Plaintiff, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that he was improperly classified as a member of a Security Threat Group known as the Five Percenters and, as a result, improperly transferred from the

general prison population to a Special Management Unit (SMU) at LCI. Plaintiff again was placed in SMU when he was transferred to MCI.

This matter is before the court on Defendants' motion for summary judgment, which motion was filed February 15, 2007 (Entry 11). By order filed February 21, 2007, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to the summary judgment motion on April 17, 2007. Plaintiff also filed a motion for partial summary judgment on April 24, 2007. (Entry 32)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for pretrial handling. On May 7, 2007, the Magistrate Judge filed a Report and Recommendation in which he determined that Plaintiff failed to exhaust his administrative remedies prior to filing the within action. Accordingly, the Magistrate Judge recommended that the action be dismissed without prejudice for failure to comply with the exhaustion requirement mandated by 42 U.S.C. § 1997e(a). Plaintiff filed objections to the Report and Recommendation on June 1, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. DISCUSSION

Plaintiff contends the Magistrate Judge erred in recommending dismissal of the within action because Plaintiff exhausted the requisite administrative remedies subsequent to filing his complaint. However, as the Magistrate Judge properly noted, the court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (observing that other Circuits also have held that permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a)) (citing McKinney v,. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v, Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v.Francis, 196 F.3d 641, 654 (6th Cir. 1999); Perez v. Wis. Dep't of Corrections, 182 F.3d 532, 538 (7th Cir. 1999)); see also Smith v. N.C.D.O.C., 1:07CV143-03-MU, 2007 WL 1200097 (W.D.N.C. April 19, 2007); Charles v. Ozmint, 2:05-2187-DCN-RSC, 2006 WL 1341267 (D.S.C. May 15, 2006). Plaintiff's objection is without merit.

II. CONCLUSION

The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated above and in the Report and Recommendation, the within action is dismissed without prejudice for failure to exhaust as required by § 1997e(a). The remaining

3

motions are deemed moot.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

September 27, 2007.

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**